**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                                              4:06CR00043-02-WRW

**KENNETH KENITA NOLEN**

**ORDER**

Pending is Defendant's Pro Se Motion for Disclosure of All Exculpatory Portions of Grand Jury Transcripts (Doc. No. 127). The Prosecution has responded (Doc. No. 128). For the reasons set out below, Defendant's Motion is DENIED.

Defendant asks the Court to disclose parts of the grand jury testimony that may exculpate Defendant and help Defendant in preparing his 2255 motion.[1] Defendant is concerned that the Prosecution withheld from the grand jury a statement from a co-defendant who purportedly accepted full and total responsibility for the alleged drug offense.[2]

Based on the Prosecution's Response, it appears that the "alleged exculpatory statement that Defendant refers to was disclosed to and contemplated by the grand jury before it returned the verdict."[3] It also appears that Defendant's former co-defendant entered into a plea agreement with the government, and testified during Defendant's trial; Defendant had the opportunity during his trial to cross examine his former co-defendant about the alleged exculpatory statements.[4]

---

[1] Doc. No. 127.

[2] *Id.*

[3] Doc. No. 128.

[4] *Id.*

1

While Rule 6 of the Federal Rules of Criminal Procedure generally protects the secrecy of grand jury proceedings, a court may, in limited circumstances, authorize disclosure of grand jury testimony[5] if the party seeking disclosure has shown a "particularized need" for the information.[6] In *United States v. Haire*, the party seeking disclosure had received transcripts of the grand jury testimony of witnesses who testified at trial, and had the chance to cross-examine those witnesses.[7]

Here, the prosecution maintains that the grand jury considered the alleged exculpatory statement in its deliberations. And, as in *Haire*, Defendant had the opportunity at trial to cross examine his co-defendant, as well as the law enforcement officials. Thus, Defendant has not shown a particularized need for the disclosure of the grand jury testimony. Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED this 25th day of February 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] Fed. R. Crim. P. 6(e)(3)(E).

[6] See *United States v. Sileven*, 985 F.2d 962, 965 (8th Cir. 1993).

[7] *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996).