## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**UNITED STATES OF AMERICA**                                          **PETITIONER**

**v.**                          **4:06CR00043-WRW**
                               **4:09CV00420-WRW**

**KENNETH KENITA NOLEN**                                          **RESPONDENT**

## ORDER

Pending is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence

(Doc. No. 131). Also pending is Petitioner's Motion to Amend/Correct Motion to Vacate, Set

Aside, or Correct Sentence (Doc. No. 133). For the reasons set out below, Petitioner's Motions

are DENIED.

## I.    BACKGROUND

Around January 31, 2006, Drug Enforcement Administration agents based in Little Rock

received information from narcotics detectives at the Akron, Ohio, Police Department that

narcotics were being transported by airplane from Cleveland, Ohio, to Little Rock, Arkansas, by

Defendant Conici Clark. The information led to the stop of an SUV driven by Petitioner in which

his          co-defendants were passengers. Police found a pistol, marijuana, and crack cocaine in

the SUV. Defendant Calvin Blair gave an oral and written statement that everything in the car--

the drugs and the gun-- was his.

On February 8, 2008, Petitioner and his co-defendants were charged in a three-count

indictment.[1] Count One charged Defendants with conspiring to possess with intent to distribute

crack cocaine and marijuana.[2] Count Two charged Defendants with aiding and abetting one

---

[1]Doc. No. 17.

[2]*Id.*

another to intentionally possess with intent to distribute crack cocaine, and Count Three charged Defendants with aiding and abetting one another to intentionally possess with intent to distribute marijuana.[3]

Defendant Blair pled guilty to Count Two of the Indictment on October 16, 2006. On October 17, 2006, Blair was present at his co-defendants' trial as a witness for the Prosecution. At trial, Blair never denied his involvement in the crimes charged, but Blair stated that he lied when he told the police that everything in the car was his. Blair testified that he lied to protect his co-defendants.

On October 19, 2006, the jury found Petitioner guilty on all three counts of the indictment.[4] On November 27, 2007, Petitioner was sentenced to 216 months on Counts One and Two; 60 months on Count Three to run concurrently; and five years supervised release.[5] The Eighth Circuit Court of Appeals affirmed Petitioner's conviction.[6]

Petitioner filed his 2255 habeas petition alleging ineffective assistance of counsel.[7] Petitioner alleges that his trial counsel was ineffective because he did not file a motion to dismiss the indictment; did not file a timely motion to suppress evidence; and failed to investigate the case.[8] In his Motion to Amend his 2255 Motion, Petitioner challenges the validity of his sentence based on the crank retroactivity amendment.[9]

---

[3]*Id.*

[4]Doc. No. 56.

[5]Doc. No. 97.

[6]Doc. No. 116.

[7]Doc. No. 131.

[8]*Id.*

[9]Doc. No. 133.

## II.    DISCUSSION

To prevail on a claim of ineffective assistance of counsel, Petitioner first must show that his counsel's performance fell below an objective standard of reasonableness.[10] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[11] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[12] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[13]

Even if a court finds deficient performance of counsel, the petitioner also must establish prejudice.[14] To establish prejudice, a petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[15]

So, the test has two parts: (1) deficient performance; and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[16]

---

[10] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[11] *Strickland*, 466 U.S. at 690.

[12] *Id.*

[13]*Strickland*, 466 U.S. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[14] *Strickland*, 466 U.S. at 694.

[15] *Id.* (where reasonable probability is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[16] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

### A.      Failure to File a Motion to Dismiss the Indictment

Petitioner contends that trial counsel was ineffective because he failed to file a motion to dismiss the indictment. Petitioner does not allege any deficiencies in the indictment or grand jury proceedings, but argues that a motion to dismiss should have been filed based on Blair's exculpatory statement that the drugs and gun in the SUV were Blair's. The Prosecution was aware of Blair's statement, and the Grand Jury considered the exculpatory statement during their deliberations.[17]

A court should not dismiss a facially valid indictment if there is some competent evidence to sustain the charge issued.[18] "[I]t is the jury's role, not the judge's, to find the facts essential to a criminal conviction."[19]

In this case, an informant provided accurate information that led to the search of the SUV that Petitioner was driving. Crack cocaine, marijuana, and a gun were found during the search. There was sufficient evidence to charge Petitioner. Petitioner can show neither deficient performance nor prejudice with respect to trial counsel's not filing a motion to dismiss the indictment.

### B.      Failure to File a Timely Motion to Suppress

Petitioner's Motion reads, in part: "[t]he Friday before trial, [Petitioner's] trial attorney received discovery information from the government that resulted in the filing of a motion to suppress."[20] Petitioner then asserts that his trial counsel was ineffective for filing the motion late. The Court notes that trial counsel acknowledged that he could have filed the motion sooner.

---

[17]Doc. No. 128.

[18]See *United States v Johnson*, 767 F.2d 1259, 1275 (8th Cir. 1985).

[19]*United States v. White Horse*, 807 F.2d 1426, 1429 (8th Cir. 1986).

[20]Doc. No. 132.

Trial counsel filed a Motion to Suppress on the same day trial began in Petitioner's case.[21] Counsel argued the merits of the Motion, which was denied because the Court found that there was probable cause for the warrantless search. Petitioner directly appealed the Court's finding; the Eighth Circuit Court of Appeals agreed that probable cause existed.[22]

Even if trial counsel performed deficiently by filing the Motion to Suppress late, because the Court fully considered the Motion and ruled on the Motion based on the merits, there was no prejudice to Petitioner.

### C.      Failure to Investigate

Petitioner asserts that trial counsel's assistance was ineffective because counsel did not subpoena Blair to testify on behalf of Petitioner, and that the failure to secure Blair as a witness resulted in "the prosecution's effective strategic decision to induce witness/co-defendant to recant prior exonerating arrest statement."[23]

Even if trial counsel had subpoenaed Blair, Blair could have claimed the Fifth Amendment right against self-incrimination and refused to testify. Because the testimony sought would have been self incriminating for Blair, the Court could not have forced Blair to testify. Petitioner cannot show prejudice on this point. Further, Blair testified at trial.

### D.      Petitioner's Crack Sentence

As to the crack retroactivity argument, because Petitioner's offense involved multiple drugs, his base offense level was calculated using a marijuana equivalent. Petitioner's sentence remains the same under the revised crack Sentencing Guidelines and the 2007 Guidelines under which Petitioner was sentenced.

---

[21]Doc. Nos. 40, 52.

[22]Doc. No. 116.

[23]Doc. No. 132.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Petitioner's Motions (Doc.

Nos. 131, 133) are DENIED and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 6th day of August, 2009.


/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE